IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ROBIN POE, | * |
| Plaintiff, | * |
| v. | Civil No. TJS-20-3425 |
| | * |
| WAL-MART REAL ESTATE BUSINESS TRUST, *et al.*, | * |
| Defendants. | * |

\* \* \* \* \* \*

**MEMORANDUM OPINION**

Pending before the Court is the Motion for Summary Judgment ("Motion") (ECF No. 15) filed by Defendants Wal-Mart Real Estate Business Trust and Walmart, Inc. (collectively, "Walmart").[1] Having considered the submissions of the parties (ECF Nos. 15, 19 & 21), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Walmart's Motion will be granted.

**I.    Background**

This lawsuit arises from a slip-and-fall accident on June 23, 2019, at the Walmart store in California, Maryland. *See* ECF No. 2. Plaintiff Robin Poe ("Ms. Poe") asserts three nearly identical negligence claims against Walmart. *Id.* Ms. Poe filed her complaint in the Circuit Court for St. Mary's County, Maryland, and Walmart timely removed the case to this Court on the basis of diversity jurisdiction. *See* ECF No. 1; 28 U.S.C. §§ 1441, 1446. After the close of discovery, Walmart filed the Motion, which is now ripe for decision.

---

[1] This case was referred to me for all proceedings by the consent of the parties, pursuant to 28 U.S.C. § 636(c). ECF Nos. 7, 13 & 14.

## II. Discussion

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Fed. R. Civ. P. 56(c)(4).

### B. Undisputed Facts

Unless otherwise noted, the following facts are not in dispute. On June 23, 2019, Ms. Poe and her husband were shopping at the Walmart store in California, Maryland. While browsing

clothing items in the clearance section of the store, Ms. Poe walked between two circular displays containing clothes hung on hangers and slipped and fell. She was injured.

Soon after Ms. Poe's fall, Walmart's support manager, Mary Chase, arrived to see what had happened. Ms. Poe's husband took Ms. Chase to the location of the fall, and the two observed an empty clothes hanger on the floor. Ms. Chase noted that the floor was dusty and she could see where the clothes hanger had disturbed the dust on the floor when Ms. Poe fell. There were a large number of empty clothes hangers underneath the nearby closing display. Ms. Poe did not see the clothes hanger on the floor before she slipped and fell. Additional facts will be discussed below.

### C.      Plaintiff's Negligence Claims

#### 1.      Choice of Law

Because the Court's jurisdiction is based on diversity, the Court must apply the choice of law rules of Maryland. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Maryland adheres to the *lex loci delicti* rule to determine the applicable law in tort actions. *Philip Morris, Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). Because Ms. Poe's claims are premised on alleged events that occurred in Maryland, Maryland law applies.

#### 2.      Negligence in Maryland

In Maryland, the elements of a negligence claim are "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Chicago Title Ins. Co. v. Allfirst Bank*, 394 Md. 270, 290 (2006); *see also Rybas v. Riverview Hotel Corp.*, 21 F. Supp. 3d 548, 560 (D. Md. 2014). In a claim involving premises liability, the status of the person injured on the property at the time of the

incident is critical to determining the defendant's duty to that person. A person invited or permitted to be on another's property for purposes related to the owner's business is an invitee. *See, e.g.*, *Wagner v. Doehring*, 315 Md. 97, 102 (1989). In this case, there is no dispute that Ms. Poe was an invitee on the premises.

The duty of the proprietor of a store to an invitee was summarized by the Court of Appeals of Maryland in *Mondawmin Corp. v. Kres*, 258 Md. 307, 313 (1970):

> The Restatement of the Law of Torts, Second, sec. 343, sets forth the standards governing the relationship of landowner and business invitee with respect to a hazardous condition. The landowner is subject to liability for harm caused by a natural or artificial condition on his land if (a) he knows or by the exercise of reasonable care could discover the condition, (b) he should expect that invitees will not discover the danger, or will fail to protect themselves against it, (c) he invites entry upon the land without (1) making the condition safe, or (2) giving a warning.

Under Maryland law, "a proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and he will be held liable for injuries sustained by a customer in consequence of his failure to do so." *Moulden v. Greenbelt Consumer Servs., Inc.*, 239 Md. 229, 231-32 (1965). Accordingly, the "duties of a business invitor thus include the obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 388 (1997). Nevertheless, "[s]torekeepers are not insurers of their customers' safety, and no presumption of negligence arises merely because an injury was sustained on a storekeeper's premises." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636 (1994). The invitee "has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee." *Rybas*, 21 F. Supp. 3d at 562. "Accordingly, the owner or occupier of land has no duty to warn of an open, obvious and present danger." *Id*. If a customer is injured in a store, "[t]he burden is upon the customer to show that the proprietor . . . had actual or constructive

4

knowledge that the dangerous condition existed," and that "that knowledge was gained in sufficient time to give the owner the opportunity to remove [the danger] or warn the invitee." *Rehn v. Westfield Am.*, 153 Md. App. 586, 593 (2003) (internal quotation omitted).

A storeowner may be deemed to have constructive notice of a dangerous condition "if it is shown that the condition existed for a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 120 (1955); *see also McCoy v. Target Corp.*, No. GLR-14-3437, 2016 WL 827962, at *2 (D. Md. Mar. 3, 2016) ("To prove constructive knowledge in a slip-and-fall case, the invitee must present evidence showing how long the hazard existed before the injury occurred . . . ."). Maryland courts refer to this as "time on the floor" evidence. *See, e.g.*, *Jones v. Shoppers Food Warehouse Corp.*, No. JKS-15-2096, 2016 WL 454951, at *2 (D. Md. Feb. 5, 2016) (citing *Joseph v. Bozzuto*, 173 Md. App. 305, 316 (2007)). Determining whether a storeowner had sufficient time to "discover, cure, or clean up a dangerous condition depends on the circumstances surrounding the fall." *Rehn*, 153 Md. App. 586 (citing *Deering Woods Condo Ass'n v. Spoon*, 377 Md. 250 (2003)). "What will amount to sufficient time . . . involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions." *Rehn*, 153 Md. App. at 593 (internal quotation marks omitted).

      **3.**    **Time on the Floor**

Ms. Poe has not presented evidence that would be sufficient for a reasonable jury to find that Walmart had actual or constructive notice of the clothes hanger that caused her fall. Because it is her burden to demonstrate that Walmart had actual or constructive knowledge that a dangerous

5

condition existed and that such knowledge was gained in sufficient time for Walmart to cure the danger or warn its customers about it, the lack of notice evidence is fatal to her negligence claims. *See Rehn*, 153 Md. App. at 593.

There is no evidence that Walmart actually knew about the clothes hanger that caused Ms. Poe's fall prior to the fall. This point is not in dispute. Ms. Poe contends, however, that there is evidence sufficient to demonstrate that Walmart had constructive knowledge of the clothes hanger.[2] As explained below, Ms. Poe's arguments are unavailing.

First, Ms. Poe suggests that because Walmart's employees were all responsible for inspecting Walmart's floors for dangers at all times, and for cleaning them throughout the day, Walmart had constructive notice of the hanger. ECF No. 19 at 4-5, 8-9. This argument is similar to the "mode-of-operation" argument rejected in *Maans v. Giant of Maryland, LLC*, 161 Md. App. 620, 637-39 (2005). Under the "mode-of-operation rule," which does not apply in Maryland, a business can be found liable for its negligence even without actual or constructive notice of a dangerous condition, so long as the business could have reasonably anticipated "that hazardous conditions would regularly arise." *Id.* at 638. Here, Ms. Poe argues that if Walmart had complied with its own policy, which requires employees to continually clean and monitor dangerous conditions throughout the store, it would have noticed the clothes hanger that caused her fall. This very argument was rejected in *Maans*, and the Court rejects it here for the same reasons. *Maans*, 161 Md. App. at 637-39.; *see also Moulden*, 239 Md. at 233 ("[I]t would be unreasonable to hold that [there is a] duty to conduct a continuous inspection tour of the store.")

---

[2] Some courts have held that "time on the floor" evidence cannot be inferred from circumstantial evidence. *See McCoy*, 2016 WL 827962, at *3; *Saunders v. Wal-Mart Stores, Inc.*, No. JKS-09-2330, 2010 WL 1416542, at *4 (D. Md. Apr. 5, 2010) ("[T]he size or nature of the spill is not a substitute for 'time on the floor' evidence.").

Second, she points to evidence that when she slipped on the clothes hanger, a skid mark was created in the dust on the floor, and that the clothes hanger itself was dusty. *See* ECF Nos. 15-2 at 2 & 19-1 at 3. Ms. Poe reasons that because "it takes days for dust to accumulate on surfaces," the reasonable inference to be taken from the fact that the hanger and the floor were dusty is that the hanger had been present for long enough to place Walmart on constructive notice. ECF No. 19 at 10. The Court rejects this argument.

There is no allegation or evidence that a dusty floor was the cause of Ms. Poe's fall. The evidence is uncontroverted that she slipped on a clothes hanger laying on the floor. The clothes hanger and the floor may have been dusty, but this does not demonstrate or raise an inference that the clothes hanger was laying on the floor where Ms. Poe fell for any particular length of time. *Burwell v. Easton Mem'l Hosp.*, 83 Md. App. 684, 688 (1990) ("Evidence that a foreign substance causing a fall on a staircase looked dirty or otherwise appeared to have been there for a long time, however, generally has been held not to support a finding that the substance was there long enough to be discovered and remedied by the storekeeper."); *Moulden*, 239 Md. at 233 (explaining that a discolored bean that caused a shopper to fall "may have fallen from a grocery cart a few moments before she walked up the aisle," and that evidence of the bean's discoloration was not sufficient to show that it had been laying on the floor long enough to give the storeowner constructive notice of the dangerous condition). The dusty clothes hanger could have been kicked into the dusty walkway by a customer seconds before Ms. Poe's fall; there is no evidence about how long it was laying on the floor. *See Maans*, 161 Md. App. at 632. The only way that a jury could conclude that the clothes hanger was on the floor for long enough to put Walmart on constructive notice "would be if the jury engaged in raw speculation or conjecture, which is forbidden." *Id.* (citing *Moulden*, 239 Md. at 232).

Third, Ms. Poe argues that so many hangers had accumulated underneath the clothing rack where she fell that it took two employees to remove them all. Although a great many clothes hangers may have been found under the clothing rack near where Ms. Poe fell, *see* ECF No. 19-1 at 3, there is no indication of how long these clothes hangers were laying there. Just like the clothes hanger that caused Ms. Poe's fall, the clothes hangers found underneath the clothing rack could have been placed there moments before the fall by another customer. The fact that clothes hangers were laying underneath a clothing rack does not amount to "time on the floor" evidence. In addition, Ms. Poe has not presented any evidence or argument about how clothes hangers laying underneath a display rack could have presented a danger to her as an invitee. Customers ordinarily do not walk underneath or through circular clothing racks; they walk around them. Unlike the clothes hangers found underneath the clothing rack, the clothes hanger that caused Ms. Poe's fall was laying in the path where Ms. Poe and other customers walked.

Because Ms. Poe has not presented any evidence that would allow a reasonable jury to conclude that Walmart had actual or constructive notice of the clothes hanger that caused her fall, her negligence claims fail. Walmart is entitled to summary judgment and its Motion will be granted.

### III.    Conclusion

For these reasons, Walmart's Motion for Summary Judgment (ECF No. 15) is **GRANTED**. An accompanying Order follows.

<u>March 8, 2022</u>                                        <u>        /s/         </u>
Date                                                   Timothy J. Sullivan
                                                                        United States Magistrate Judge